[Cite as *State v. Schoeneman*, 2017-Ohio-7472.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHARLES SCHOENEMAN | : | Case No. 2017CA00049 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Canton Municipal
                                   Court, Case No. 2016 CRB 4618

JUDGMENT:                          Affirmed

DATE OF JUDGMENT:                  September 6, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH MARTUCCIO                          DEREK LOWRY
Canton Law Director                       610 Market Avenue North
                                          Canton, Ohio 44702
TYRONE D. HAURITZ
Canton City Prosecutor

By: KATIE ERCHICK GILBERT
Assistant City Prosecutor
218 Cleveland Ave. SW
PO Box 24218
Canton, Ohio 44701

*Baldwin, J.*

{¶1} Appellant Charles Schoeneman appeals a judgment of the Canton Municipal Court convicting him of criminal damaging or endangering in violation of R.C. 2909.06(A)(1).  Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2} Robin Minor has four siblings, including appellant.  She and appellant do not speak to each other.  After their father was murdered in 2008, she began decorating the grave of their parents at Forest Hill Cemetery in Canton, Ohio, for holidays.

{¶3} September 5, 2016, was Labor Day.  The day before, Robin placed a wreath she had made and a vase of red, white and blue flowers on the grave.  Her understanding of the cemetery rules was that items could be on the grave from three days before a holiday until three days after.  She had placed a star on the wreath that said, "Property of Robin Minor.  Please do not remove.  I will pick up according to the cemetery rules.  Thank you.  Happy Labor Day, 9-4-16."  Tr. 67.   When she returned to the cemetery on Labor Day, the wreath and the flowers were gone.   A blue star was left on which someone had written, "Junk removed by Schoeneman family just because," and two pennies were placed on top of the star.  On September 10, 2016, she found the wreath in a trash can.

{¶4} After Robin placed the items on the grave the day before Labor Day, her husband Daniel Minor stayed behind at the cemetery.  He climbed a tree with a video camera.  Using the camera, he videotaped appellant taking a star off the wreath, placing the wreath in a tree, stomping on the flowers which had been placed in a trash can, and putting the wreath on another grave.

{¶5} Robin turned the video over to the Canton Police Department. Appellant was charged with criminal damaging or endangering in violation of R.C. 2909.06(A)(1).

{¶6} The case proceeded to jury trial in the Canton Municipal Court. Appellant presented evidence that between March 1 and November 25, any objects placed on graves other than flowers in a cemetery-approved vase will be removed when the lawn is mowed, about every five days. He also presented the testimony of his brother, Louis Schoeneman, that he does not believe in decorating graves, and that Robin had refused his request in 2015 to remove items from the grave when he and another brother were visiting. Although Robin testified that she last spoke to Louis on Labor Day weekend of 2015, he testified that they spoke the Tuesday before trial.

{¶7} Appellant was convicted as charged and sentenced to 90 days incarceration, with all but two days suspended, and he was given credit for two days served. He assigns four errors to this Court on appeal:

{¶8} "I.   THE TRIAL COURT'S FAILURE TO ADDRESS A JUROR'S RELATIONSHIP WITH ONE OF THE WITNESSES DENIED THE APPELLANT A FAIR TRIAL.

{¶9} "II.   THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶10} "III.  THE TRIAL COURT ERRED BY ADMITTING A VIDEO RECORDING THAT WAS NOT PROPERLY AUTHENTICATED.

{¶11} "IV.   THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I., II.

**{¶12}** In his first assignment of error, appellant argues that the court erred in not inquiring further after a juror indicated that she knew one of the witnesses. In his second assignment of error, he argues that trial counsel was ineffective for failing to follow up on this juror's answer.

**{¶13}** The transcript filed with this Court on April 26, 2017, reflects that when the court read the names of the witnesses and asked if any of the jurors were acquainted with them, an unidentified juror responded, "Yeah." Tr. 9. However, on June 28, 2017, the trial court filed an entry correcting the record to reflect that the juror's actual response was "no." Pursuant to the corrected record, the errors complained of in appellant's first two assignments of error are not demonstrated by the transcript.

**{¶14}** The first and second assignments of error are overruled.

III.

**{¶15}** In his third assignment of error, appellant argues that the court erred in admitting a copy of the video due to unexplained gaps in the recording. He argues that the gaps raised a genuine question as to its authenticity.

**{¶16}** Pursuant to Evid. R. 901(A), "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid. R. 1003 states, "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

**{¶17}** The party seeking to exclude a duplicate has the burden of demonstrating that the duplicate should be excluded. *State v. Tibbetts*, 92 Ohio St.3d 146, 160, 2001–Ohio–132, 749 N.E.2d 226. The decision to admit a duplicate is left to the sound discretion of the trial court. *Id.*

**{¶18}** Appellant's challenge to the video on the basis that there were several unexplained gaps in the recording did not raise a question as to the authenticity of the original. Daniel Minor, the witness who took the video, testified that the copy of the video played for the jury fairly and accurately depicted what he taped on September 5, 2015. Tr. 93. He further testified that he personally viewed appellant's actions as depicted in the video. Tr. 92. Although the video was not forensically examined, Sgt. Victor George of the Canton Police Department testified that it appeared to restart in close proximity to where it had stopped. Tr. 104. The trial court did not abuse its discretion in admitting the duplicate of the video.

**{¶19}** The third assignment of error is overruled.

IV.

**{¶20}** In his fourth assignment of error, appellant argues that the judgment is against the manifest weight and sufficiency of the evidence.

**{¶21}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held as follows: "An appellate court's function when reviewing the

sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶22} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins, supra*, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶23} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

{¶24} Appellant was convicted of criminal damaging in violation of R.C. 2909.06(A)(1), which provides:

(A)     No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

(1)     Knowingly, by any means[.]

**{¶25}** Robin Minor testified that she made a wreath which she placed on her parents' grave on September 4, 2015, along with a vase of flowers.  When she returned to the grave on September 5, a red star from the wreath had been torn and part of it left on the grave, and a blue star was left behind on which someone wrote, "Junk removed by Schoeneman family just because."  Daniel Minor testified that while videotaping appellant's actions at the grave from a tree, he observed appellant take a star off the wreath, put the wreath first in a tree and later on another grave, and stomp on the flowers that had been placed on the grave.  The video played for the jury showed appellant committing the acts testified to by Daniel Minor.

**{¶26}** Appellant argues this evidence is insufficient because the damage to the wreath was insignificant.  However, R.C. 2901.01(A)(4) defines physical harm to property as, "any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment."  In *State v. Frech,* 2nd Dist. Champaign No. 2001 CA 23, 2002-Ohio-5592, the defendant was convicted of criminal damaging for pruning his neighbor's wild rose bushes.  He argued that because the bushes did not die and some of them bloomed that summer, he did not create a substantial risk of physical harm to the bushes.  However, the court of appeals concluded that the trial court did not err in finding the state had proved the element of physical harm because the bushes were only half the height and fullness they should have been, interfering with their use and enjoyment.  *Frech, supra,* ¶11.  Likewise, in the instant case, Robin Minor placed the

wreath and the flowers on the grave to commemorate the holiday of Labor Day. Appellant's actions interfered with their use and enjoyment to Robin, and to her desire to remember her parents through decorating their grave for the holiday.

{¶27} Appellant also argues the evidence is insufficient because the items were removed with Robin's consent. He argues that pursuant to the rules of the cemetery, the items would have been removed in a few days for mowing anyway. However, Robin did not consent to appellant removing the items by consenting to the cemetery staff removing the items. The State presented evidence that appellant was not a staff member of the cemetery. Tr. 119.

{¶28} The evidence presented by the State was sufficient, if believed by the jury, to prove that appellant was guilty of the offense of criminal damaging.

{¶29} Appellant also argues that the judgment is against the manifest weight of the evidence. He argues that Robin Minor's testimony was not credible because she testified that she had not spoken to her brother Louis since 2015, while he testified that they spoke the prior week. However, the jury is in a better position than this court to determine the credibility of witnesses. Appellant further argues that the video had unexplained gaps in the recording. However, the video does show appellant committing the acts as testified to by Daniel Minor, and when the video restarts, it shows appellant in approximately the same position he was in before the video stopped. The judgment was not against the manifest weight of the evidence.

{¶30} The fourth assignment of error is overruled.

{¶31} The judgment of the Canton Municipal Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.