[Cite as *State v. Smith*, 2026-Ohio-806.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00070 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Municipal Court, Case No. 25-TRD-05540 |
| JUSTIN SMITH, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: March 10, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** J. MICHAEL KING, Assistant Law Director,  for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}    Appellant Justin Smith appeals his conviction on one count of prohibited use of an electronic device while driving. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}    On June 17, 2025, Ohio State Highway Patrol Trooper Shawn Grim was sitting in his cruiser on 30th Street in the City of Newark watching traffic for drivers using electronic devices while operating their vehicles. Grim's cruiser was equipped with a dash camera and a rear camera. In addition, Trooper Grim wore a body camera.

{¶3}    Trooper Grim observed the appellant operating his vehicle southbound on 30th Street; observed a cell phone in the appellant's right hand, above the steering wheel; and, observed that the appellant was looking at and manipulating the device. Trooper

Grim pulled out, activated his lights, and pulled the appellant over. Trooper Grim advised the appellant of the reason for the stop. The appellant told Grim that he was on his way to pick up his son, and was entering the location on his GPS. The appellant was cited for prohibited use of an electronic device while driving in violation of R.C. 4511.204. The appellant, through counsel, entered a general plea of not guilty, and the matter was set for trial.

{¶4} The bench trial proceeded on August 27, 2025. Trooper Grim testified that he observed the appellant operating his vehicle while Grim was on stationary patrol, that he witnessed the appellant holding his cell phone in his right hand above the steering wheel, and that he observed the appellant looking toward his cell phone and entering data into it. Trooper Grim testified that he told the appellant that Grim had observed the appellant using his phone while his vehicle was in motion, to which he said the appellant responded "Okay." Trooper Grim testified on redirect that he had no trouble personally observing the vehicle, and that he had no doubt the appellant had a cell phone in his right hand and was manipulating it while driving. Trooper Grim testified further that when he advised the appellant of what he had observed - that the appellant was using his cell phone while driving - the appellant did not deny being on his cell phone, but rather, stated that he was entering information into the GPS to pick up his son. Trooper Grim testified that he was absolutely certain about what he saw.

{¶5} The appellant testified on his own behalf. He identified three "re-enactment videos" that he created purporting to re-enact Trooper Grim's view of passing cars in an effort to contradict Trooper Grim's testimony. On cross examination, the appellant

conceded that it was not impossible for Trooper Grim to have seen the cell phone in the appellant's hand, just that Trooper Grim might be mistaken.

{¶6} Following the conclusion of the testimony and submission of the evidence, the trial court asked that the video be replayed. The trial court thereafter rendered a verdict of guilty, and imposed a fine of $50.00 and court costs.

{¶7} The appellant filed a timely appeal in which he sets forth the following two assignments of error:

{¶8} "I. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF PROHIBITED USE OF AN ELECTRONIC DEVICE UNDER R.C. 4511.204, AS THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE UPON WHICH A RATIONAL TRIER OF FACT COULD FIND ALL ELEMENTS OF THE OFFENSE PROVEN BEYOND A REASONABLE DOUBT."

{¶9} "II. THE TRIAL COURT'S JUDGMENT FINDING APPELLANT GUILTY OF PROHIBITED USE OF AN ELECTRONIC DEVICE UNDER R.C. 4511.204 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS THE OBJECTIVE VIDEO EVIDENCE DIRECTLY CONTRADICTS THE TROOPER'S TESTIMONY AND FAILS TO SUPPORT A FINDING OF GUILT BEYOND A REASONABLE DOUBT."

### STANDARD OF REVIEW

{¶10} The appellant argues in assignments of error numbers one and two that his conviction is not supported by sufficient evidence, and is against the manifest weight of the evidence. We disagree.

{¶11} Assignment of error number one challenges the sufficiency of the evidence, while assignment of error number two challenges the manifest weight of the evidence.

Although sufficiency of the evidence and manifest weight entail different legal concepts, both entail a review of the record, and as such we shall address the appellant's assignments of error together.

{¶12} Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley,* 2021-Ohio-2207, as follows:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 219.

*Id.* at ¶57. Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

**{¶13}** Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 386–387 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 1997–Ohio–355. The *Thompkins* Court stated:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra,* at 1594.

*Id.* at 387. The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed

and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.*

In addition, the Court stated in *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77 (1984):

"* * * [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Id.* at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Finally, "[i]n evaluating a challenge to the verdict based on a manifest weight of the evidence claim in a bench trial, the trial court assumes the fact-finding function of the jury. *State v. Strickland*, 183 Ohio App. 3d 602, 918 N.E.2d 170, 2009-Ohio-3906, ¶25. Accordingly, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in evidence the trial court 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' *Id.*" *State v. Swank*, 2015-Ohio-1500, ¶ 23 (5th Dist.).

**ANALYSIS**

{¶14} The appellant was charged with, and found guilty of, one count of an electronic device violation pursuant to R.C. 4511.204, which provides in pertinent part:

(A)  No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic while using, holding, or physically supporting with any part of the person's body an electronic wireless communications device.

{¶15}  Trooper Grim testified during the bench trial that he observed the appellant "traveling southbound … [and] when he went by his phone was in his right hand above the steering wheel and he was engaged in it looking at it when he drove by."  Trooper Grim testified further:

… I informed him that I checked him for the electronic devices and he I [sic] asked him if he saw me and he said no and I asked him if he uh I asked him what he was doing with that device and he said yes that [sic] he said he was going to pick up his son he was trying to enter that location where his son was at. Day camp or something.

Trooper Grim then confirmed "this was on [the appellant's] phone."

{¶16} Trooper Grim testified that, when the appellant went by, Trooper Grim "specifically saw him have his phone in his right hand engaged in right around above around [sic] the top of the steering wheel," that the appellant "was manipulating" his cell phone, and that the appellant "was looking at it above the steering wheel and looking at it."

{¶17} The appellant testified at the bench trial, and asserted that he was not looking at or holding his cell phone at the time he passed Trooper Grim. The appellant testified that his cell phone had fallen between the seat and the console "at some point between Granville and heath [sic] as I was driving I don't recall precisely when it happened," and that he "was setting up his GPS." The appellant denied texting at the time he passed Trooper Grim, and denied having his cell phone in his hand at the time. The appellant recreated the circumstances of the event three different times, and presented videos of the "recreations" at trial in support of his argument that Trooper Grim could not have seen him with his cell phone in his hand.

{¶18} The trial court heard the testimony of Trooper Grim and the appellant, and determined that Trooper Grim's testimony was more credible. Making this determination is the function of the trier of fact. This Court has consistently found that the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. Furthermore, "[t]he trier of fact 'has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page.' *Davis v. Flickinger,* 77 Oho St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159." *State v. Schoeneman,* 2017-Ohio-7472, ¶ 23 (5th Dist.).

{¶19} The trial court heard all the evidence, and found the appellant guilty of an electronic device violation. We cannot say, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of said crime beyond a reasonable doubt. Nor can we say that the trial court, in its capacity as trier of fact during the bench trial, clearly lost its way and created such a manifest miscarriage of justice that the appellant's conviction must be reversed and a

new trial ordered. The appellant's assignments of error numbers one and two are, therefore, without merit.

## CONCLUSION

**{¶20}** Based upon the foregoing, we overrule the appellant's assignments of error numbers one and two and hereby affirm the judgment of the Licking County Municipal Court.

**{¶21}** Costs to appellant.

By: Baldwin, P.J.

Montgomery, J. and

Gormley, J. concur.